# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FERNANDO SORIA,

Plaintiff,

v.

GARCIA, *et al.*,

Defendants.

Case No. 1:26-cv-05929-BAM (PC)

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

(ECF No. 19)

Plaintiff Fernando Soria ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 1, 2025. (ECF No. 1.) Defendants moved to partially dismiss the complaint on May 20, 2026. (ECF No. 17.) The motion is fully briefed. (ECF Nos. 17, 23, 24.) On July 29, 2026, the action was transferred to this Court. (ECF No. 27.)

Currently before the Court is Plaintiff's motion for the appointment of counsel, filed on June 1, 2026. (ECF No. 19.) In support of his motion, Plaintiff asserts that he is unable to afford counsel, that he has requested leave to proceed in forma pauperis, that he has limited access to the prison law library, and that he has limited knowledge of the law. He also asserts that his imprisonment will limit his ability to litigate the issues involved in this case, which are complex and will require significant research and investigation. Plaintiff contends that trial will likely involve conflicting testimony and counsel would better enable Plaintiff to present evidence and cross-examine witnesses. He has made repeated attempts to obtain a lawyer, but he has not been successful. (*Id.*)

Plaintiff is informed that he does not have a constitutional right to appointed counsel in

this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand,* 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by indigent prisoners with no legal training and limited law library access.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Defendants have moved to partially dismiss Plaintiff's complaint for failure to state a claim. The Court therefore cannot conclude that Plaintiff's claims are likely to succeed on the merits. Further, based on a review of the record in this case, including his motion for appointment of counsel, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion for appointment of counsel, (ECF No. 19), is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **August 13, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE